**Annie L. KNIGHT, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 04–60551.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2005.

Leonard B. Melvin, III, Hattiesburg, MS, for Plaintiff–Appellant.

Hite Colby Lane, U.S. Attorney's Office Southern District of Mississippi, Jackson, MS, Thomas D. Ramsey, Social Security Administration, Boston, MA, for Defendant–Appellee.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Annie L. Knight appeals from the district court's judgment affirming the Commissioner of Social Security's decision denying disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner concluded that she was disabled as of August 12, 1997, but, because Knight's was "last insured" on June 30, 1996, she was not entitled to benefits. *See Loza v. Apfel,* 219 F.3d 378, 394 (5th Cir.2000). On September 14, 1995, the Commissioner had denied Knight's first application for DIB and SSI, wherein she had alleged a disability-onset date of October 1, 1995. Although in the instant case Knight again asserted that her disability-onset date was October 1, 1992, the Commissioner ruled that the first administrative decision was res judicata as to the period before and including September 14, 1995.

For the first time on appeal, Knight argues that the Administrative Law Judge ("ALJ") erred in concluding that the prior administrative decision was res judicata as to the period before and including September 14, 1995. Arguments raised for the first time on appeal are not reviewed absent "exceptional circumstances," *see Castillo v. Barnhart,* 325 F.3d 550, 553 (5th Cir.2003), which Knight has not alleged. In any event, absent a "colorable constitutional claim," an ALJ's dismissal of a claimant's case on res judicata grounds is "unreviewable." *Brandyburg v. Sullivan,* 959 F.2d 555, 561 (5th Cir.1992). Knight has not asserted a colorable constitutional claim.

Knight also argues that the ALJ failed to follow several Social Security rulings and "established Social Security law," that the decision was not supported by substan-

---

tial evidence, that the ALJ erroneously assessed her credibility, and that the ALJ arbitrarily determined that she was disabled as of August 12, 1997, when the record reflected that her condition was no different on that date than the date before. After reviewing the briefs and the record, we conclude that the ALJ applied the correct legal standards and that the decision was supported by substantial evidence. *See Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994).

Knight's October 18, 2004, "Motion to Submit Additional Excerpts" is DENIED as unnecessary.

AFFIRMED; MOTION DENIED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.